UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DERRICK McTYLER CATLETT, )<br>)<br>Defendant. )<br>_____ ) | Case No. CR04-0128-MJP-JPD<br><br>REPORT AND RECOMMENDATION ON ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

## I. PROCEDURAL BACKGROUND

An initial hearing on a petition for violation of supervised release was held before the undersigned Magistrate Judge on February 15, 2006. The United States was represented by Assistant United States Attorney J. Tate London, and the defendant by Mr. Robert W. Goldsmith. The proceedings were recorded on cassette tape.

The defendant had been sentenced on or about November 1, 2004, by the Honorable Marsha J. Pechman on charges of Making, Uttering, and Possessing Counterfeit Securities. Defendant was sentenced to serve 24 months in custody to run concurrently with an undischarged state-court sentence in Orange County Superior Court, with credit for time served from the date defendant entered into California custody on June 20, 2003, to be followed by three years of supervised release.

In addition to the standard conditions of supervised release, which include compliance with all local, state, and federal laws, special conditions of supervised release were imposed. These special conditions included, but were not limited to, substance-abuse treatment program, no firearm possession, consent to search, no new credit charges, no possession of identification other than in his legal name, financial disclosure, and restitution.

In a Petition for Warrant of Summons and a Violation Report, both dated October 25, 2005, U.S. Probation Officer Margaret K. Kellow asserted the following violations of the conditions of supervised release by the defendant:

(1)     Failing to report to the probation office as directed on or about August 23, 2005, in violation of standard condition number 2; and

(2)     Failing to notify the probation officer at least 10 days prior to any change of residence after August 23, 2005, in violation of standard condition number 6.

The defendant admitted to violation number 2, and waived any rights to an evidentiary hearing as to whether it occurred (Dkt. No. 207).  The defendant denied alleged violation number 1 and requested an evidentiary hearing on the alleged violation.

The hearing on alleged violation number 1 took place on February 27, 2006.

## II.  FINDINGS ON FEBRUARY 27, 2006, HEARING

Mr. Michael Banks, a Senior United States Probation Officer testified as did the defendant Derrick Catlett.  Based on the testimony offered, I find the following facts to have occurred:

On August 23, 2005, the defendant initiated a call to the United States Probation Service to let them know he had been released from state custody.  He asked for his assigned probation officer, Margaret Kellow.  However, Officer Kellow was not in the office on that day, so he was placed in contact with Officer Banks, who was the duty officer.  Officer Banks instructed the defendant to appear at the U.S. Probation Office.  He told the defendant to be there by 4:00 p.m. The defendant gave his contact phone information to Officer Banks.

The defendant did not appear by 4:00 p.m. He understood that he should be there before the end of the day, which he interpreted as 5:00 p.m. He arrived at the federal courthouse around 4:40 p.m. He was advised by the Court Security Officers ("CSOs") at the entrance of the courthouse that the Probation Office was closed. The Probation Office reception area closes at 4:30 p.m., but there is a bell on the outside of the office that can be used to get someone's attention after 4:30 p.m. Upon hearing from the CSOs at the courthouse entrance that the Probation Office was closed, the defendant left.

The same day, or the day thereafter, the defendant called his State Department of Corrections ("DOC") Probation Officer. However, he did not re-initiate contact with either Officer Banks or Kellow. He had furnished the Probation Office with his telephone contact information, but no contact was initiated by the U.S. Probation Office until October 21, 2005. By this time, when Officer Kellow attempted to call the defendant, he had moved. This is the subject of violation number 2, to which defendant entered an admission on February 15, 2006 (Dkt. No. 207).

It appears from the evidence that the defendant attempted to comply with the directive from Officer Banks. In light of his actions initiating contact with Officer Banks, arriving at the federal courthouse on the date directed, albeit late, leaving his telephone contact information, and contacting his DOC probation officers, it does not appear that the defendant was acting willfully in his actions. Nevertheless, Officer Banks instructed the defendant to appear by 4:00 p.m., and had the defendant done so, he would have been processed properly.

### III. RECOMMENDATION

I therefore recommend that the Court find that the defendant committed violation number 1 as alleged, namely, that he failed to report to the probation office as directed on or about August 23, 2005, in violation of the standard condition number 2. A disposition hearing on violation number 1, if this recommendation is adopted, and on admitted violation number 2 remains to be set before the Honorable Marsha J. Pecham.

01      Objections to this recommendation should be filed with the Clerk (not mailed directly

02 to Judge's chambers) and served on opposing parties within **ten (10)** days of the date of entry

03 of this Report and Recommendation. Failure to file objections within the specified time waives

04 the right to appeal any order by the District Court adopting this report and recommendation.

05      Pending a final determination by the Court, the defendant has been detained.

06      DATED this 1st day of March, 2006.

                                                    *[signature: James P. Donohue]*

                                                    JAMES P. DONOHUE
                                                    United States Magistrate Judge


cc:   District Judge:          Honorable Marsha J. Pechman
      AUSA:                    Mr. J. Tate London
      Defendant's attorney:    Mr. Robert W. Goldsmith
      Probation officer:       Ms. Margaret K. Kellow